## MAMIE PROSSER, ADMINISTRATRIX, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Submitted July 6, 1905—Decided April 5, 1906.

1. In an action brought by an administrator to recover the pecuniary loss sustained by the widow and next of kin of a decedent, whose death is alleged to have been caused by the negligence of the person against whom the action is brought, or of his servants, a recovery cannot be had in the absence of proof of facts from which it can be inferred that, in the doing of the thing which caused the decedent's death, a duty rested upon the defendant, or his servants, to consider, and use due care to provide for, the decedent's safety.
2. Negligence, in the performance of a duty, to use due care to provide for the safety of another, cannot be imputed unless the facts proved will fairly support the inference that the duty existed.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the plaintiff, *Edwin G. C. Bleakly* and *John W. Wescott.*

For the defendant, *Joseph H. Gaskill* and *Nelson B. Gaskill.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the pecuniary loss sustained by the widow and next of kin of Henry Prosser, deceased, who was killed near Haddonfield on the 12th of August, 1902. At the time of his death he was an employe of the firm of Henhoeffer & Vaughn, contractors engaged in the work of repairing bridges along the lines of the defendant company's railroads. In the prosecution of that work they used a pile driver, which had been installed upon a flat car furnished to them for the purpose by the defendant company. As occasion required this flat car was moved from one place to another along the defendant's railroad, and when it was in course of transit the pile driver was laid back upon the car and secured in its position by a screwbolt which ran down through the platform of the car. On the day of the accident the car had been moved from Springdale, where the contractors had been engaged in putting up a temporary bridge over Cooper's creek, and placed upon a siding at Haddonfield, upon which a number of freight cars had been laid off. It was placed upon the siding at about four o'clock in the afternoon, and it was intended to take it back to Cooper's creek the same night, apparently, for the purpose of resuming work at that place. After the flat car had been put upon the siding it was discovered that the screwbolt which secured the pile driver in position after it was laid back had in some unknown way become so fastened to the car that it was difficult to remove it. In order to

loosen it Prosser was directed to get under the body of the car and knock it out with a maul. While he was engaged in this work a freight train of the defendant company was backed in upon the siding, to pick up some of the freight cars which had been left there. In making its coupling the train struck the freight car nearest to it with such violence as to drive it against others, with force enough to cause them to collide with the flat car under which Prosser was working, and move it from its position so far that it ran over and killed him. When Prosser got under the car no flag was put upon it to indicate that some one was at work upon or about it, nor was anything else done, either by himself or his fellow-workmen, to notify third persons of his presence there or to protect him while he was engaged in his work. No member of the crew of the freight train, nor any other employe of the defendant company (so far as the case shows), had any knowledge that he was under the car.

It apparently was considered, upon the trial of the case, that Prosser's death resulted from the negligent performance of the duty which the railroad company owed to the employes of Henhoeffer & Vaughn to run its trains with a due regard to their safety while they were engaged in the work of repairing the company's bridges. But that duty was not a continuous one. It only existed so long as the men were engaged in their work, and while going to and from it over the company's railroad. That work had temporarily ceased at the time of the accident and the car had been laid off on the siding. While it lay there it needed no attention from Henhoeffer & Vaughn's employes, so far as the railroad company or its employes knew, and there was nothing in its surroundings to suggest to the defendant company's employes who were operating its freight train that any carelessness upon their part in running against the flat car might jeopardize the safety of a member of the bridge repair gang.

The duty of using care to avoid injuring Prosser while coupling on to the side-tracked freight cars could only be imposed upon the train crew by bringing to their attention the danger to which he would be exposed unless care was used

by them in the performance of their work. As has already been pointed out, no such notice was given them that he was under the car, and there was nothing in the surroundings to charge them with knowledge that, by moving it, he would be put in peril.

As the death of Prosser was not the result of the negligent performance by the defendant company, or by its employes, of any duty which it owed to him, the verdict recovered against it must be set aside.

The rule to show cause will be made absolute.